UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| EDWARD FULLER, | ) |
| Plaintiff, | ) |
| vs. | ) No.: |
| JTEKT NORTH AMERICA CORPORATION, | ) |
| Defendant. | ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendant and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. Defendant is a South Carolina corporation that does business in Tennessee. Its registered agent for service of process in Tennessee is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee, 37203.

3. Defendant manufactures steering systems for automotive companies at its production facility located in Vonore, Monroe County, Tennessee. Defendant ships its products across state lines.

4. Plaintiff was employed by Defendant at its Vonore facility initially from approximately January 15, 2018 until March 20, 2021, and again from December 9, 2021 until November 29, 2022,

5. Plaintiff was employed by Defendant in the position of production technician.

6. Defendant paid Plaintiff an hourly rate for his work.

7. Plaintiff routinely worked and was compensated for overtime hours of more than 40 per workweek.

8. Defendant automatically deducted a 30-minute lunch break from Plaintiff's time records each day, and did not compensate him for this time.

9. Although Defendant deducted a lunch break from his work time each day, Plaintiff often did not take a lunch break. Accordingly, Plaintiff was not compensated for 30 minutes of compensable work time on the days when he did not take a lunch break.

10. Plaintiff's direct supervisor and others in management observed Plaintiff working through his lunch breaks, and were well aware that Plaintiff was not taking a lunch break and was not being compensated for 30 minutes of work time.

11. Because Plaintiff otherwise worked and was paid for over 40 hours each week, the uncompensated hours he worked were overtime hours of more than 40 per workweek.

12. Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

13. Plaintiff was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA.

14. At all times material, Plaintiff was engaged in commerce or in the production of goods for commerce as defined by Sections 207(a)(1) and 203(b) of the FLSA.

15. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant has annual gross volume of sales which exceeded $500,000.00.

16. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

17. Pursuant to Section 207(a)(1) of the FLSA, Defendant was required to pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay for all hours worked over 40 during a workweek.

18. Defendant's failure to pay Plaintiff overtime wages of one and one-half times his regular rate of pay for all overtime hours worked is a violation of Section 207(a)(1) of the FLSA.

19. Pursuant to Section 216(b) of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

20. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

21. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

22. Defendant's violations of the FLSA were willful. More specifically, Defendant was well aware that the FLSA required that it compensate Plaintiff at an overtime rate for all overtime hours worked.

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a) overtime back pay;

(b) liquidated damages in an amount equal to his overtime back pay;

(c) interest;

(d) reasonable attorney's fees and costs; and

(e) all other general legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (TN 013839)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown, (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff